UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL C. BOURGAL, JOSEPH A.
FERRARA, SR., FRANK H. FINKEL, MARC         :   Civil Action No.:
HERBST, DENISE RICHARDSON, and
THOMAS F. CORBETT, as Trustees and
Fiduciaries of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                         Plaintiffs,

        - against -

ACME SKILLMAN CONCRETE CO., INC.,

                        Defendant.
-------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael C. Bourgal, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent contributions and various other sums owed by an employer to employee benefit plans.

00646089.2

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the Funds are administered in this district. Venue also lies in this district under 29 U.S.C. §185(a).

**THE PARTIES**

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the Building Material Teamsters Local 282, International Brotherhood of Teamsters (the "Union") and providing benefits to eligible participants.

7. The collective bargaining agreements and the Trust Agreement set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Funds and that the Funds are beneficiaries of the collective bargaining and Trust Agreement

terms. Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

8. Acme Skillman Concrete Co., Inc. (the "Employer") is, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

**FACTUAL BASIS FOR CLAIM**

The Collective Bargaining Agreement, the Trust
Agreement and the Obligation To Contribute to the Funds

9. The Employer has at all times relevant to this action been party to a collective bargaining agreement with the Union.

10. The Employer is a party to the New York City Heavy Construction & Excavating Industry collective bargaining agreement with the Union for the period from July 1, 2013 through June 30, 2017 (the "CBA").

11. At all times relevant to this action, the CBA has required the Employer to make contributions to the Funds on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

12. Along with the contributions, the Employer is also required to submit remittance reports to the Funds. The remittance reports provide the Employer's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment.

13. The CBA provides that the Employer is bound to the Trust Agreement.

14. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent

contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment; (iii) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages of 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

15. The CBA provides that if an Employer fails to remit contributions to the Funds when due, the Funds are entitled to the remedies set forth in Section 502(g)(2) of ERISA.

Remittance Reports

16. For the months commencing with November 2015 and continuing to date, the Employer failed to submit remittance reports reflecting the amount of contributions due to the Funds.

17. Through various correspondences, the Funds and their legal counsel requested that the Employer submit the missing remittance reports.

18. To date, the Employer has failed to submit the remittance reports due for the months commencing with November 2015 and continuing to date.

Unpaid Contributions

19. For the months of September 2015 through October 2015, the Employer submitted remittance reports reflecting contributions due, but failed to remit the corresponding contributions due.

20. For the months commencing November 2015 and continuing to date, the Employer failed to submit remittance reports and corresponding contributions due.

21. Through various correspondences, the Funds and their legal counsel requested that the Employer pay the delinquent contributions.

22. To date, the Employer has failed to pay contributions owing for the months commencing with September 2015 and continuing to date.

Amounts Due on Contributions Paid Late

23. The Employer paid contributions late for the month of August 2015.

24. The Trust Agreement provides that the failure to promptly remit contributions due constitutes a violation of the CBA and Trust Agreement. The Trust Agreement further provides that in such instance, the Employer is obligated to remit interest, liquidated damages, audit fees, and attorney's fees and costs.

25. Through various correspondences, the Funds and their legal counsel requested payment of interest and liquidated damages due on the late contributions.

26. To date, the Employer has failed to pay the interest, liquidated damages, attorney's fees and costs due on the late contributions.

Other Amounts

27. On information and belief, additional contributions, interest, liquidated damages, and attorney's fees and costs will continue to become due and owing by the Employer to the Funds during the pendency of this action.

## **COUNT I — ERISA**

28. Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

29. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

30. The Employer's failure to pay contributions interest, liquidated damages, and attorney's fees and costs owing to the Funds and to submit remittance reports violates the

CBA and the Trust Agreement which is incorporated into the CBA, and thus gives rise to an action under ERISA Section 515.

31. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
> the unpaid contributions,
> (a) interest on the unpaid contributions,
> (b) an amount equal to the greater of
>   (i) interest on the unpaid contributions or;
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
> (c) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (d) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

32. The Funds are thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## COUNT II — LMRA

33. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

34. By failing to pay the contributions and other amounts owing, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

35. The Funds are thus entitled under LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. ordering the Employer to submit remittance reports for any months for which such reports have not been submitted as of the date judgment is entered;

2. ordering the Employer to pay to the Funds (i) all delinquent contributions owed; (ii) interest on all delinquent and late-paid contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment; (iii) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs; and

3. providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated: New York, New York
February 8, 2016

_____
Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
212-563-4100

Attorneys for Plaintiffs